UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES, ex rel. JAN NEWELL, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 08 CV 3711 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| NEDRA CHANDLER, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon the Petition of Jan Newell ("Petitioner") for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254 [1]. For the reasons stated below, the petition for a writ is denied.

### BACKGROUND

On October 22, 1996, following a bench trial, Petitioner was convicted of first-degree murder of Anthony Rodriguez by Cook County Circuit Court Judge David A. Erickson. Judge Erickson found Petitioner shot the victim in the chest at point-blank range during an altercation at a tavern, as the victim was backing up from the Petitioner with his hands raised in a gesture of surrender. Petitioner was wounded after the shooting. A bystander shot Petitioner multiple times after Petitioner shot the victim, partially paralyzing Petitioner. In addition, Petitioner's right arm was also injured during the incident, causing him to lose the use of the arm.

Judge Erickson sentenced Petitioner to forty years' imprisonment. Petitioner is presently incarcerated at the Dixon Correctional Center in Dixon, Illinois.

1

Petitioner, represented by counsel, filed a timely direct appeal of his conviction with the Illinois appellate court. The only ground Petitioner raised on direct appeal was that his sentence was excessive in light of his age (fifty-four), background, and the incapacitating injuries he sustained after shooting the victim. The appellate court found the trial judge did not abuse his discretion in sentencing Petitioner and upheld Petitioner's sentence. *People v. Newell*, No. 1-96-4328 (Ill. App. 1997) (unpublished summary order).

Petitioner then filed a petition for leave to appeal (PLA) to the Illinois Supreme Court, arguing that the trial court abused its discretion in sentencing him and that his trial counsel was ineffective in failing: to interview witnesses; subpoena 911 tapes; use favorable statements of a witness; raise an intoxication defense; and present as a defense Petitioner's lost eyeglasses. In addition, Petitioner argued that his appellate counsel was ineffective in failing to raise claims that his trial counsel was ineffective. Finally, Petitioner argued the appellate court erred in failing to address those claims, as he had filed a supplemental brief with the appellate court, raising claims of ineffective assistance of counsel. (*See* Def. Ex. E.) The Illinois Supreme Court denied the PLA. (Def. Ex. F.)

On June 4, 1998, Petitioner filed a *pro se* post-conviction petition pursuant to Illinois's Post-Conviction Hearing Act, 725 ILCS 5/122 *et seq.*, in which Petitioner asserted that his counsel was ineffective and that he did not knowingly and voluntarily waive his right to a jury trial. (*See* Def. Ex. X.) On June 29, 1998, the circuit court summarily dismissed the post-conviction petition as "frivolous and patently without merit." (Def. Ex. G, A-2.) Petitioner appealed this ruling to the state appellate court,

2

arguing that the circuit court erred in dismissing his post-conviction petition. Petitioner maintained he established the "gist of a meritorious constitutional claim" by alleging that his waiver of his right to jury trial was involuntary because his attorney told him that he would be convicted of second-degree murder if he agreed to a bench trial. (*See* Def. Ex. G, at 1.) The state appellate court affirmed the dismissal of the post-conviction petition. (Def. Ex. K.)

Petitioner then filed a PLA with the Illinois Supreme Court, asserting that his waiver of his right to jury trial was involuntary. (Def. Ex. L.) On June 29, 2001, the supreme court denied this PLA. (Def. Ex. M.)

On October 21, 1998, while his post-conviction proceeding was pending, Petitioner also filed a petition in the circuit court for relief from judgment pursuant to 735 ILCS 2-1401. (*See* Def. Ex. P, p. A-3.) This petition raised the same issues that Petitioner presented in his post-conviction petition and added two news claims: that the State presented perjured testimony and withheld certain discovery evidence. (*See* Def. Ex. X, p. 2.) The circuit court took this petition "off call" because Petitioner's appeal of his post-conviction petition was still pending. (*Id.* at 2-3.)

On April 20, 2000, Petitioner filed a new 2-1401 petition, seeking relief from the "off call" order of his previous petition. (*See* Def. Ex. U, p. 5.) In addition, as part of his claim for relief from judgment, Petitioner submitted a state petition for a writ of *habeas corpus ad testificandum* pursuant to 735 ILCS 5/10-135. On June 7, 2000, the circuit court dismissed Petitioner's Section 2-1401 petition. (Def. Ex. P.)

Petitioner appealed the dismissal of his Section 2-1401 petition. The state appellate court affirmed the dismissal on May 1, 2007. (Def. Ex. X.) Petitioner filed a

3

PLA, claiming that the circuit court lacked authority to dismiss his petition. (Def. Ex. Y.) On September 26, 2007, this PLA was denied. (*See* Def. Ex. Z.)

In June 2008, Petitioner filed the instant petition for federal *habeas corpus* relief pursuant to 28 U.S.C. § 2254, raising the following grounds: (1) he is actually innocent; (2) his jury trial waiver was involuntary because his trial counsel falsely promised him he would be convicted of second-degree murder if he waived a jury; (3) his trial counsel was ineffective for failing to: (a) show him pretrial discovery, (b) call Brian McInturf as a witness to testify as to the timing of the crime, (c) consult with him and inform him about important issues, (d) develop a viable defense theory, (e) preserve his constitutional right to confrontation of witnesses by stipulating to the post-mortem report of the victim, (f) introduce firearms evidence, and (g) prepare him for the fitness evaluation; (4) a witness, Stan Weliczko, gave perjured testimony, (5) his appellate counsel rendered ineffective assistance in failing to raise on direct appeal the ineffective assistance of his trial counsel, and (6) his post-conviction counsel rendered ineffective assistance in failing to raise the gist of a meritorious claim.

## ANALYSIS

Defendant contends, correctly, that Petitioner's asserted grounds one and six do not state cognizable grounds for federal *habeas corpus* relief.

A free-standing claim of actual innocence, as Petitioner asserts in ground one, is not itself a constitutional claim cognizable on *habeas* review. *See U.S. ex rel. Burt v. McAdory*, Case No. 02 CV 50351, 2003 WL 22989070, * 8 (N.D. Ill. Dec. 2003), *reversed and remanded on other grounds, Burt v. Uchtman*, 422 F.3d 557 (7th Cir. 2005). Therefore, Petitioner's assertion of actual innocence in ground one is not a meritorious

4

basis for a writ. Ground six is not cognizable because criminal defendants do not have a Sixth Amendment right to post-conviction counsel. *See* 28 U.S.C. § 2254(I) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.") *See also Johnson v. McBride*, 381 F.3d 587, 590 (7th Cir. 2004) ("[N]either the sixth amendment nor federal law guarantees effective assistance of counsel for collateral proceedings, not even in a capital case.").

Defendant contends grounds four and five, and five of the seven bases, or "sub-claims," set out in ground three, are procedurally defaulted.

Before bringing a *habeas* claim in federal court, a petitioner must exhaust all remedies available to him in state court. *See Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007). "[P]etitioner must establish that he fully and fairly presented his claims to the state appellate courts, thus giving the state courts a meaningful opportunity to consider the substance of the claims that he later presents in his federal challenge." *Bintz v. Bertrand*, 403 F.3d 859, 863 (7th Cir. 2005). "A *habeas* petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). A petitioner must raise the constitutional issue to the state appellate court on appeal and then present it in the same manner in a PLA to the state supreme court. *Guest v. McCann*, 474 F.3d 926, 930 (7th Cir. 2007).

5

To preserve a claim for federal *habeas corpus* review, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Defendant contends Petitioner has procedurally defaulted on ground five (his claim that his appellate counsel rendered him ineffective assistance) because "petitioner failed to raise his claim of ineffective assistance of appellate counsel at each level of state court review."

Here, Petitioner raised the issue of the alleged ineffective assistance of his appellate counsel only in his PLA on direct appeal to the Illinois Supreme Court; he did not raise the issue in his appeal from the circuit court's dismissal of his post-conviction petition. (*See* Def. Ex. X, at 2.) However, a petitioner is "required to raise the claim at each level of state court review" of his collateral proceeding. *See Smith v. Gaetz*, 565 F.3d 346, 352 (7th Cir. 2009). Petitioner must raise the issue "in his initial post-conviction petition before the trial court, in his appeal to the Illinois Appellate Court, and in his [PLA] to the Illinois Supreme Court." *Id.* Petitioner did not raise the issue of ineffective assistance of his appellate counsel in his collateral proceedings in state court. Therefore, the claim is procedurally defaulted.

Likewise, Petitioner failed to properly exhaust his claim asserted in ground four, that a witness, Stan Weliczko, gave perjured testimony at trial. Petitioner did not present this issue in his PLA on direct appeal (*see* Def. Ex. F), nor did he present the issue to the state courts in his post-conviction collateral appeal. Petitioner's ground four, therefore, is also procedurally defaulted.

As to Petitioner's ground three, asserting that Petitioner received ineffective assistance of trial counsel, Defendants contends that only sub-claims (b) and (d), supporting this ground, are properly raised on *habeas* review and that sub-claims (a), (c), (e), (f), and (g) of the ground are procedurally defaulted because Petitioner did not raise sub-claims (a), (c), (e), (f), and (g) in his PLAs in state court.

The Petitions for Leave to Appeal Petitioner filed with the Illinois Supreme Court (Def. Exs. E, L and Y) do not raise the bases Petitioner asserts in sub-claims (a), (c), (e), (f) and (g) of his claim that his trial counsel rendered him ineffective assistance. Therefore, those sub-claims are procedurally defaulted. *See Ben-Yisrayl v. Buss*, 540 F.3d 542, 547, n.1 (7th Cir. 2008) (*Ben-Yisrayl*) (refusing to consider, on *habeas* review, those aspects of petitioner's counsel's performance that petitioner did not raise in the state courts). *See also Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004) (*Perruquet*) (the petitioner must have raised his claim at each appropriate stage of the state review process).

A *habeas* petitioner may overcome procedural default by demonstrating cause for the default and actual prejudice or by showing that the court's failure to consider the claim would result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Cause sufficient to excuse procedural default is "some objective factor external to the defense" that prevents petitioner from pursuing his claim in state court. *Murray v. Carrier*, 477 U.S. 478, 492 (1986) (*Murray*). A fundamental miscarriage of justice occurs when a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. The fundamental miscarriage of justice exception requires a "stringent

7

showing." *House v. Bell*, 547 U.S. 518, 537 (2006) (*House*). The petitioner must show that, in light of new evidence, "it is more likely than not that no reasonable [trier of fact] would have found petitioner guilty beyond a reasonable doubt." *House*, 547 U.S. at 537. Without new evidence of innocence, even a meritorious constitutional claim is not sufficient to allow a *habeas* court to reach the merits of a procedurally defaulted claim. *United States ex rel. Bell. v. Pierson*, 267 F.3d 544, 551 (7th Cir. 2001).

Petitioner contends the Court should find a fundamental miscarriage of justice here on the basis that he is actually innocent. However, as Defendant argues, the materials Petitioner attaches to his *habeas* petition do not show that "it is more likely than not" that no reasonable jury would have found Petitioner guilty beyond a reasonable doubt. *House*, 547 U.S. at 537; *see* Def. Ans. at 16-18. In fact, as Defendant points out, Petitioner's present claim on *habeas* review that he is actually innocent of the shooting contradicts the positions Petitioner took in his state case, including that his trial counsel should have raised an intoxication defense because he blacked out before he shot the victim (*see* Ex. E at 17) and that he shot the victim under "a sudden and intense passion." (*See* Ex. K at 3).

Petitioner has not established cause and prejudice or a miscarriage of justice; the merits of Petitioner's procedurally defaulted claims cannot be considered.

Plaintiff's asserted grounds that are not procedurally defaulted are ground two, that his jury trial waiver was involuntary, and sub-claims (b) and (d) of ground three, asserting ineffective assistance of Petitioner's trial counsel.

8

## Jury Trial Waiver

Pursuant to 28 U.S.C. § 2254(d)(1), a federal court may grant a prisoner's *habeas* petition if the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. § 2254(d)(1). For relief based on an unreasonable application of Supreme Court doctrine, the state court's decision must be not only erroneous but objectively unreasonable. *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). As the Seventh Circuit has recognized: "[t]his is a difficult standard to meet; unreasonable means something like lying well outside of the boundaries of permissible differences of opinion." *Jackson v. Frank*, 348 F.3d 658, 662 (7th Cir. 2003). The state decision is reasonable if it is "minimally consistent with the facts and circumstances of the case." *Danks v. Davis*, 355 F.3d 1005, 1008 (7th Cir. 2004).

Petitioner claims his waiver of his right to a jury trial was not knowing and voluntary because his trial counsel falsely told Petitioner that if he opted for a bench trial, he would be convicted of second-degree murder pursuant to an agreement with the state's attorney.

A defendant has a constitutional right to a trial by jury. A defendant may waive this right in favor of a bench trial only if the waiver is knowing and voluntary. *Brady v. United States*, 397 U.S. 742, 748 (1970).

Here, the state appellate court rejected Petitioner's argument that his jury trial waiver was involuntary, finding that the trial court engaged in a proper waiver colloquy with Petitioner, although the trial court did not specifically ask Petitioner whether any

9

promises had induced his waiver. (Def. Ex. K, pp. 6-7.) The appellate court relied on *People v. Maxwell*, 173 Ill. 2d 102 (1996), in which a death-row defendant claimed his decision to waive his right to a jury trial was not knowing and voluntary where the trial judge did not specifically ask the defendant whether a promise had been made to induce defendant to waive his jury right. In *Maxwell*, the Illinois Supreme Court determined the colloquy between the trial judge and the defendant demonstrated defendant's waiver was knowing and voluntary. Judge Shadur upheld this determination on *habeas* review. *See United States ex. rel. Maxwell v. Gilmore*, 37 F. Supp.2d 1078, 1093 (N.D. Ill. 1999) ("the Illinois Supreme Court reasonably determined that the colloquy between the trial judge and Maxwell had fully explored and demonstrated the knowledge, understanding and voluntariness of Maxwell's waiver.").

Likewise, here, the Illinois appellate court reasonably dismissed Petitioner's claim that his jury trial waiver was not knowingly and voluntarily rendered. The appellate court found that the trial court engaged in a proper colloquy with Petitioner regarding the waiver of Petitioner's jury trial right and clearly explained to Petitioner that, if he waived his jury trial right, the court would determine his guilt or innocence. The appellate court also noted there was no allegation that the trial court was in any way involved in the alleged false inducement. (Def. Ex. K.)

As in *Maxwell*, the determination made by the state appellate court here is a reasonable application of federal law. The state appellate court reasonably rejected Petitioner's claim that his waiver of his right to a jury trial was not knowing and voluntary. Petitioner's *habeas* claim based on his jury trial waiver is denied.

## Ineffective Assistance of Trial Counsel

Petitioner's claims of ineffective assistance of counsel raised in the state courts (sub-claims (b) and (d) of ground three) are reviewed under a *de novo* standard because the state courts did not adjudicate those claims on the merits.[1] The burden remains on Petitioner to establish that he is in custody in violation of the Constitution or laws of the United States. *See Ben-Yisrayl*, 540 F.3d at 550; *Aleman v. Sternes*, 320 F.3d 687, 690 (7th Cir. 2003) (a prisoner must still establish entitlement to the relief he seeks; and he must do so by showing that he is in custody in violation of the Constitution, laws, or treaties of the United States).

The Sixth Amendment guarantees a criminal defendant effective assistance of trial counsel. *Strickland v. Washington*, 466 U.S. 668 (1984) ("*Strickland*"). To support such a claim, however, a defendant must show that: (1) his counsel's performance was so seriously deficient as to fall below an objective standard of reasonableness under the prevailing professional norm; and (2) prejudice, that is, but for counsel's alleged errors and omissions, there is a reasonable probability that the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 688, 694.

Defendant argues Petitioner cannot demonstrate the required prejudice component of *Strickland* as to either of Petitioner's alleged shortcomings of his counsel in light of overwhelming evidence presented at trial, supporting Petitioner's conviction of first-

---

[1] Defendant argues the Court should find these sub-claims procedurally defaulted if Petitioner cannot prove that he raised them in his supplemental brief filed before the state appellate court. However, a procedural default does not deprive the court of jurisdiction but is an affirmative defense that the State must raise and preserve. *Perruquet v. Briley*, 390 F.3d 505. Therefore, it is Defendant's burden to show that sub-claims (a) and (d) are procedurally defaulted. Defendant has not made such showing, and the Court will consider the claims.

degree murder. In particular, two eyewitnesses, Jeff Adams and George Miller, both testified that they saw Petitioner shoot the victim at point-blank range. The testimony of these witnesses was undisputed.

In light of the overwhelming evidence, supporting Petitioner's guilt and conviction, Petitioner's suggestion that his trial counsel should have called McInturf to testify that a short period of time elapsed between the time Petitioner left his initial altercation with the victim and the time Petitioner returned to shoot the victim is insufficient to demonstrate prejudice, as required under *Strickland*. Petitioner's description of McInturf's testimony does not demonstrate a reasonable probability that the result of Petitioner's trial would have been different.

Likewise, Petitioner has not shown that his counsel's alleged failure to devise a "viable" defense strategy would have affected the outcome of his trial. Petitioner does not clearly articulate what a viable defense strategy could have been on the facts and law in light of the overwhelming evidence that Petitioner shot the victim.

In short, Petitioner does not articulate either a "viable" strategy that could have been employed under Illinois law on the facts or that any such strategy, if employed, would have, with reasonable probability, changed the outcome of the trial.

In sum, Petitioner has not shown that he received ineffective assistance of his trial counsel under *Strickland* or any meritorious basis for issuance of the writ.

## CONCLUSION

For the reasons stated above, the Petition for a Writ of *Habeas Corpus* is denied.

Date: October 15, 2009

JOHN W. DARRAH
United States District Court Judge